UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                          TAMPA DIVISION

JEAN A. BURNS,

          Plaintiff(s),

v.                              CASE NO.  8:06-CV-75-T-17MSS

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

          Defendant(s).


_____/


                             ORDER

     This cause is before the Court on:

     Dkt. 13 Report and Recommendation
     Dkt. 14 Objections
     Dkt. 15 Response

     This case is a review of the final decision of the
Commissioner of Social Security denying claims for a period of
disability and disability insurance benefits under the Social
Security Act.  The assigned Magistrate Judge issued a Report and
Recommendation recommending that the final decision of the
Commissioner be affirmed.


     The Court has independently examined the pleadings,
including administrative record ("A.R."), the objections to the
Report and Recommendation, and response thereto.

Case No. 8:06-CV-75-T-17MSS

I.  Objections

A.  Compliance with SSR 00-4p

At the hearing, VE Courtright testified as to the exertional level and skill level of Plaintiff's past occupations.  VE Courtright testified, after hearing testimony by Plaintiff, that the position listed by Plaintiff as "dishwasher" was really more like "kitchen helper."  VE Courtright testified that the job title is different, but the DOT number is the same.  VE Courtright testified that the exertional level was medium, per the DOT, but, based on Plaintiff's hearing testimony, was light, that no transferable skills were acquired, and that is consistent with the DOT. (TR, p. 29).  When the ALJ posed his hypothetical question, VE Courtright testified that the hypothetical worker could not perform the claimant's past relevant jobs, but could perform other jobs that exist in the local, regional and national economy (TR, p. 30).

Compliance with SSR 00-4p requires that an adjudicator identify and obtain a reasonable explanation for any conflicts between occupational evidence provided by the VE and information in the DOT or its companion publication.  The adjudicator must explain how any such conflict was resolved in the decision.  In this case, the conflict is explained by reliance on Plaintiff's own testimony.

The Court understands that Plaintiff has argued that the ALJ relied on fabricated testimony.  After consideration, the Court finds that the decision contains typographical errors rather than fabricated testimony.  The Court **overrules**

2

Case No. 8:06-CV-75-T-17MSS

Plaintiff's objection as to this issue.

B.  Memory Deficits

     Plaintiff objects to disregarding memory deficits because there was no medically determinable mental impairment.  Plaintiff argues that her medication causes side effects, including memory loss, forgetfulness, and an inability to drive.  Plaintiff argues that the psychologist and medical doctor who examined Plaintiff noted memory deficits.  Plaintiff argues that her memory deficits were medically proven limitations whose inclusion was required in evaluating Plaintiff's ability to work, but which were not included in the hypothetical question posed to the VE by the ALJ.

     The Court notes Plaintiff has filed several applications for benefits and has completed several questionnaires.  Plaintiff's questionnaire of 6/03/2001 states disabling pain, and not side effects of pain medication (A.R. 65).  In Plaintiff's questionnaire of 7/19/2002 (A. R. 97), Plaintiff denied having a mental or emotional impairment.  The Court notes that Plaintiff was evaluated at the Medi-Clinic of Sarasota, Inc. on 8/06/02. At that time the only medication noted is hydrocodone (A.R. 133). The report indicates minimal cognitive impairment.  The medical records of the Sarasota Health Department, spanning 9/13/2002 through 1/17/2003, (A.R. 209), include complaints of musculoskeletal pain, and headaches, for which medication was prescribed, but do not include complaints based on side effects of the prescribed medication.

Case No. 8:06-CV-75-T-17MSS

Plaintiff's questionnaire of 10/22/2002 is based on pain, and Plaintiff alleges that the pain interferes with Plaintiff's memory and concentration (A.R. 98). Plaintiff filed an application and questionnaire as to benefits on 11/20/2002 (A.R. 104). In the application, Plaintiff states that Plaintiff exchanges rent and meals for being a companion to her roommate's father, and driving him to and from all appointments, and preparing breakfast and lunch (A.R. 106). Plaintiff further states that Plaintiff's pain medications include Lortab 7.5, propoxy 1.5 mg., methocarbamol 500 mg., and cyclobenzaprine 10 mg. Plaintiff states that the side effects of the medication include memory loss, forgetfulness, and [impairment of] ability to drive (A.R. 110). The "Case Development Sheet" (A.R. 113) notes that Plaintiff alleges depression and memory problems interfering with Plaintiff's ADL's, and that Plaintiff's concentration is substantially reduced by pain. Plaintiff's case was developed for depression.

Plaintiff was evaluated by Dr. Harmon on 12/26/2002 based on the chief complaint of "mental problems." (A.R. 167). Dr. Harmon noted that Plaintiff's current medications include cyclobenzaprine and propoxy-N. These are pain medications which may cause dizziness, lightheadedness and drowsiness, among other side effects.

Plaintiff was evaluated by Dr. Stevens on 1/13/2003 (A.R. 170). Plaintiff reported disability due to pain at that time, with problems of memory and concentration, and feelings of depression. Dr. Stevens noted that there was no psychiatric history, and no prior treatment. Dr. Stevens noted that Plaintiff's ADL's were limited by pain.

4

Case No. 8:06-CV-75-T-17MSS

Neither Dr. Harmon nor Dr. Stevens, the medical doctor and the psychologist who examined Plaintiff, diagnosed Plaintiff as having a medically determinable mental impairment.  Dr. Harmon found that malingering and possible medication seeking behaviors could not be ruled out as to Plaintiff.  Dr. Harmon indicated a GAF of 75, and found that Plaintiff demonstrated at least low average ability to communicate and interact with others.

The Court has examined the records of Plaintiff's treating physician, Dr. Bateyko, from 9/08/03 through 1/15/2004.  These records include Plaintiff's complaints of severe pain, for which treatment was provided, including prescriptions for pain medication.  These records do not include any complaint relating to side effects of medication, or any concern by Plaintiff's physician as to side effects of medication that Plaintiff was experiencing.

In the decision denying benefits, the ALJ evaluated the evidence, concluded that Plaintiff's allegations of pain were not entirely consistent with the evidence of record, and therefore were not fully credible to the extent alleged by Plaintiff.  In assessing Plaintiff's limitations, the ALJ considered the effects of Plaintiff's alleged pain.  The ALJ found that Plaintiff has medically determinable impairments that are reasonably expected to produce the type of pain alleged by Plaintiff, but that Plaintiff's complaints suggest a greater severity of impairment than can be shown by the objective medical evidence.  The ALJ therefore considered the required factors, including side effects of medication taken to alleviate pain, in order to assess Plaintiff's functional limitations.  The ALJ noted the opinions

5

Case No. 8:06-CV-75-T-17MSS

of the consulting examiners in Exhibits 8F and 9F.  The ALJ
determined that Plaintiff could not return to her past relevant
work, but that there were jobs within the national economy that
Plaintiff could perform.  The ALJ discounted the credibility of
Plaintiff's testimony as to Plaintiff's limitations, and
explained his reasons for doing so.

This Court cannot second-guess the credibility determination
of the ALJ.  The Court also notes that Plaintiff was represented
by counsel at the hearing, and the duty of the ALJ therefore did
not rise above the basic obligation to develop a full and fair
record.

After consideration, the Court **overrules** Plaintiff's
objection as to this issue.

C.  Substantial Evidence

Plaintiff argues that the decision of the ALJ is not
supported by substantial evidence, and the ALJ did not state what
evidence supported his determination of functional capacity.

"Substantial evidence" is relevant evidence that a
reasonable person would accept as adequate to support a
conclusion.  If there is substantial evidence to support the
Commissioner's findings, the Court may not decide the facts anew,
make credibility determinations or substitute its judgment as to
the weight of the evidence for that of the Commissioner.  Moore
v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005).

Case No. 8:06-CV-75-T-17MSS

Based on the medical evidence, the ALJ found that Plaintiff has a back disorder, muscle or ligament disorder, chronic polyarthralgias, chronic venous insufficiency, osteoarthritis, and cervical and lumbar spine degenerative disc disease, which are severe impairments within the meaning of the Regulations, but not severe enough to meet or medically equal, either singly or in combination to one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4.  The ALJ concluded that Plaintiff's allegations of mental impairment were medically determined as non-severe, and explained the basis for this conclusion. Plaintiff had no history of treatment for mental impairments, and therefore the opinions of medical experts were the only opinions available to the ALJ.

In this case, the ALJ recognized that Plaintiff could not perform her past relevant work due to Plaintiff's limitations, but found that there were other jobs in the local, regional and national economy that Plaintiff could perform.  The ALJ considered all Plaintiff's symptoms, including pain, and the extent to which the symptoms could reasonably be accepted as consistent with the objective medical evidence and other evidence.  The ALJ further considered additional statements from acceptable medical sources.  The ALJ found that Plaintiff's credibility as to the severity of Plaintiff's limitations was not reliable.  The ALJ's assessment of Plaintiff's credibility was based on Plaintiff's own testimony, and inconsistencies between that testimony and Plaintiff's prior statements in questionnaires completed by Plaintiff.  The ALJ followed the guidance of SSR 96-7p in evaluating Plaintiff's credibility.

Case No. 8:06-CV-75-T-17MSS

The ALJ expressly considered the effect of pain on
Plaintiff's limitations, and recognized that Plaintiff has
medically determinable impairments that are reasonably expected
to produce the type of pain alleged by Plaintiff.  The ALJ found
that the expert opinion of a nonexamining source as to the
activities that Plaintiff could perform was supported by
medically acceptable clinical and laboratory diagnostic
techniques and was not inconsistent with other substantial
evidence.  This is not a case in which there is no articulated
explanation for discrediting certain testimony.

After consideration, the Court **overrules** Plaintiff's
objection as to this issue.

D.  Cervical Neuropathy

Plaintiff argues that the ALJ's finding of cervical disc
disease as a severe impairment did not include cervical
neuropathy.  Plaintiff distinguishes neuropathy, nerve
impairment, from degenerative disc disease, disease of the
skeletal system.  Plaintiff argues that consideration of the
presence of cervical neuropathy should have been included as a
severe impairment, and the resulting limitations should have been
added to the hypothetical question to the VE.

The Administrative Law Judge includes a detailed recitation
of Plaintiff's treatment with Dr. Bateyko in the decision.  Dr.
Bateyko treated Plaintiff after a car accident in which Plaintiff
was rear-ended. (A.R. 184-206).  Cervical radiculopathy involves
neck pain, with numbness or tingling in the arm.  Based on
Plaintiff's medical records, the Court views the presence of

Case No. 8:06-CV-75-T-17MSS

cervical radiculopathy as a symptom of underlying injury to
Plaintiff's cervical discs, rather than a separate impairment.
Therefore, the ALJ did not err in omitting cervical radiculopathy
as a separate impairment and not referring to it in the
hypothetical question to the VE.

After consideration, the Court overrules Plaintiff's
objection as to this issue.

E.   Cumulative Effect

The Court has overruled all of Plaintiff's objections, and
therefore will affirm the decision of the Commissioner in
accordance with the Report and Recommendation.   Accordingly, it
is

**ORDERED** that Plaintiff's objections are **overruled**.   The
Report and Recommendation is **adopted and incorporated by
reference.**   The Court **affirms** the decision of the Commissioner.
The Clerk of Court shall enter a final judgment for Defendant and
close this case.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this
29th day of March, 2007.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
All parties and counsel of record

9